**SO ORDERED.**

**SIGNED this 28th day of November, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| IN RE | BANKR. CASE NO. |
|---|---|
| NANCY GARAY | 05-50091-C |
| *DEBTOR* | CHAPTER 7 |

**ORDER DENYING APPROVAL OF REAFFIRMATION WITH AARON RENTS, INC.**

CAME ON for consideration the foregoing matter. The debtor filed a chapter 13 bankruptcy case on January 3, 2005. The case was converted to chapter 7 on July 24, 2006. The debtor received her discharge on October 30, 2006. On November 14, 2006, the debtor filed a reaffirmation agreement with Aaron Rents, Inc. The reaffirmation agreement was submitted by the debtor to the creditor on August 7, 2006. It was not signed by Aaron Rents, Inc. until November 7, 2006. It was then filed with the court on November 14, 2006.

It is not possible to ascertain who mailed the document to the court. However, it is clear that the document was not electronically filed, however, because the docketing was done by a member of the court's staff, confirming that court staff scanned a paper version of the document. In view

of the fact that the last dated signature on the document is that of Aaron Rents, it is fair to infer that Aaron Rents either mailed it to the clerk for filing, or mailed it to the debtor's attorney, who in turn mailed it to the clerk for filing. In either event, the document could not have been forwarded for filing any earlier than November 7, 2006, the date that someone at Aaron Rents signed the document.

The point to be made here is this: Section 524(c)(1) provides that a reaffirmation agreement is enforceable only if, *inter alia*, "such agreement was made before the granting of the discharge ..." 11 U.S.C. § 524(c)(1). This agreement was not *made* until it was signed by the creditor. The debtor's signature on the document constituted an offer. The document was then tendered to Aaron Rents for its signature, which signature would have constituted its acceptance. There cannot be an agreement unless there is *both* offer *and* acceptance. *See* CORBIN, CONTRACTS (One Vol. Ed.) §§ 55-56 (West 1952). On these facts, there was no "agreement" made before the granting of the debtor's discharge on October 30, 2006. The reaffirmation agreement is thus not enforceable.

The debtor is always free to perform on any debt, regardless of discharge. Discharge merely prevents the *creditor* from legally *enforcing* performance by the debtor. *See* 11 U.S.C. § 524(a)(2). That is appropriate in this case, in view of the creditor's failure to promptly act to protect itself.[1]

For the foregoing reasons, approval of the reaffirmation agreement is DENIED.

# # #

---

[1] It is noted as well that the reaffirmation called for the debtors to pay over $500 in rent for a washer and dryer worth only a tad more than $100. The reaffirmation agreement was a bad deal for the debtor in any event.